UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Tiffany Lynn Converso,

        Plaintiff,

  v.

Commissioner of Social Security,[1]

        Defendant.

**Decision and Order**

17-CV-91 HBS
(Consent)

**I. INTRODUCTION**

  The parties have consented to this Court's jurisdiction under 28 U.S.C. § 636(c). (Dkt. No. 23.) The Court has reviewed the Certified Administrative Record in this case (Dkt. No. 10, pages hereafter noted in brackets), and familiarity is presumed. Pending before the Court are cross-motions by plaintiff Tiffany Lynn Converso and defendant the Commissioner of Social Security (the "Commissioner"), under Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. Nos. 18, 19.) Plaintiff is challenging the Commissioner's denial of supplemental income benefits under Title XVI of the Social Security Act. Plaintiff believes that the Commissioner failed to discuss or to consider the opinion of a state agency review psychologist. The decision from the Administrative Law Judge ("ALJ") contains no explanation for the omission of the psychologist, leading plaintiff to believe that the psychologist was omitted in a way that requires remand. Plaintiff further argues that the ALJ never made credibility findings supported by specific reasons, relying instead on conclusory recitations of regulations. The Commissioner concedes that the ALJ likely overlooked the psychologist's opinion but argues that assessments from single decision-makers are not considered opinion evidence at the appeal level. The Commissioner argues further that other opinion evidence

---

[1] The Clerk of the Court is directed to conform the caption to what appears here.

in the record makes the omission harmless.  Finally, the Commissioner asserts that the ALJ properly based the determination of plaintiff's credibility on a comparison of her subjective complaints and the clinical findings in the record.

The Court has deemed the motions submitted on papers under Rule 78(b).

**II.    DISCUSSION**

"The scope of review of a disability determination . . . involves two levels of inquiry.  We must first decide whether HHS applied the correct legal principles in making the determination.  We must then decide whether the determination is supported by substantial evidence."  *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987) (internal quotation marks and citations omitted).  When a district court reviews a denial of benefits, the Commissioner's findings as to any fact, if supported by substantial evidence, shall be conclusive.  42 U.S.C. § 405(g).  Substantial evidence is defined as "'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Tejada v. Apfel*, 167 F.3d 770, 773-74 (2d Cir. 1999).

The substantial evidence standard applies to both findings on basic evidentiary facts, and to inferences and conclusions drawn from the facts.  *Stupakevich v. Chater*, 907 F. Supp. 632, 637 (E.D.N.Y. 1995); *Smith v. Shalala*, 856 F. Supp. 118, 121 (E.D.N.Y. 1994).  When reviewing a Commissioner's decision, the court must determine whether "the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Commissioner.  *Winkelsas v. Apfel*, No. 99-CV-0098H, 2000 WL 575513, at *2 (W.D.N.Y. Feb. 14, 2000).  In assessing the substantiality of evidence, the Court must consider evidence that detracts from the Commissioner's decision, as well as evidence that supports it.  *Briggs v. Callahan*, 139 F.3d

606, 608 (8th Cir. 1998). The Court may not reverse the Commissioner merely because substantial evidence would have supported the opposite conclusion. *Id.*

For purposes of Social Security benefits, a person is disabled when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

Plaintiff bears the initial burden of showing that her impairments prevent her from returning to her previous type of employment. *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." *Id.*; *see also Dumas v. Schweiker*, 712 F.2d 1545, 1551 (2d Cir. 1983); *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980).

To determine whether any plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry:

(1) whether the plaintiff is currently working;

(2) whether the plaintiff suffers from a severe impairment;

(3) whether the impairment is listed in Appendix 1 of the relevant regulations;

(4) whether the impairment prevents the plaintiff from continuing her past relevant work; and

3

>   (5) whether the impairment prevents the plaintiff from continuing her past relevant work; and whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; *Berry, supra*, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). However, the ALJ has an affirmative duty to develop the record. *Gold v. Secretary*, 463 F.2d 38, 43 (2d Cir. 1972).

To determine whether an admitted impairment prevents a plaintiff from performing her past work, the ALJ is required to review the plaintiff's residual functional capacity and the physical and mental demands of the work that she has done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). The ALJ must then determine the individual's ability to return to her past relevant work given her residual functional capacity. *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994).

Here, plaintiff argues that a remand is necessary to correct the ALJ's disregard of state agency review psychologist J. Echevarria. Among other findings, according to plaintiff, Dr. Echevarria "found [her] affective disorders, anxiety disorders, and organic mental disorders to be severe and opined [that she] had moderate limitations with concentration, persistence, or pace, moderate limitations with maintaining social functioning, and mild limitations in activities of daily living." (Dkt. No. 18-1 at 15.) The failure to consider Dr. Echevarria's findings affected Step Four of the disability analysis, because "[t]he ALJ found no limitations with interacting with co-workers or supervisors. In his discussion section, he failed to explain why Dr. Echevarria's overall opinion that Plaintiff had moderate limitations with social functioning and his MRFC assessment findings that she had moderate limitations in her ability to work in coordination with or in proximity to others without being distracted by them, accept instructions and respond appropriately to criticism from

4

supervisors, and get along with coworkers or peers without distracting them or exhibiting behavioral extremes only warranted a limitation with interacting with the general public." (*Id.* at 16.) The Commissioner responds that "[u]nfortunately, Dr. Echevarria's form was labeled as a single decision maker (SDM) in the eCAR (Tr. 63-73). The ALJ likely overlooked the opinion, as the assessment of an SDM is not considered opinion evidence at the appeal levels." (Dkt. No. 19 at 16.) The Commissioner nonetheless discounts the omission is harmless error "because the ALJ's RFC finding was supported by substantial evidence, including the other opinion evidence from examining psychologists and physicians in the record." (*Id.*) The Commissioner further notes that "Dr. Echevarria's opinion formed the basis for the initial denial of Plaintiff's application." (*Id.*)

Plaintiff has the better argument here. Dr. Echevarria is a state agency psychologist. "Because State agency medical and psychological consultants and other program physicians and psychologists are experts in the Social Security disability programs, the rules in 20 CFR 404.1527(f) and 416.927(f) require administrative law judges and the Appeals Council to consider their findings of fact about the nature and severity of an individual's impairment(s) as opinions of nonexamining physicians and psychologists. Administrative law judges and the Appeals Council are not bound by findings made by State agency or other program physicians and psychologists, but they may not ignore these opinions and must explain the weight given to the opinions in their decisions." SSR 96-6P, 1996 WL 374180, at *2 (July 2, 1996); *see also* 20 C.F.R. § 416.913a ("Administrative law judges are not required to adopt any prior administrative medical findings, but they must consider this evidence according to §§ 416.920b, 416.920c, and 416.927, as appropriate, because our Federal or State agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation."). The ALJ gave no indication in his decision that he considered Dr. Echevarria's findings at all, a problem beyond considering them without adequate explanation. As

5

an additional problem, the ALJ did not mention anywhere in his decision that he gave controlling weight to any of plaintiff's treating physicians. An assignment of weight to a treating physician might have compensated for ignoring Dr. Echevarria's findings. *See* 20 C.F.R. § 416.927 ("The rules in § 416.913a apply except that when an administrative law judge gives controlling weight to a treating source's medical opinion, the administrative law judge is not required to explain in the decision the weight he or she gave to the prior administrative medical findings in the claim."). Under the circumstances, the failure to consider Dr. Echevarria's findings is a legal error that requires remand regardless of the factual evidence. *See Jackson v. Colvin*, No. 1:14-CV-00055 (MAT), 2016 WL 1578748, at *3 (W.D.N.Y. Apr. 20, 2016) (remand in part for failure to consider state agency review psychologist); *Villarreal v. Colvin*, No. 13 CIV. 6253 LGS, 2015 WL 6759503, at *15 n.79 (S.D.N.Y. Nov. 5, 2015) (remand in part for failure to abide by SSR 96-6P).

Upon remand, the ALJ will take Dr. Echevarria's findings into account in whatever manner might be appropriate. The Court takes no opinion now as to whether Dr. Echevarria's findings will have any impact on the Commissioner's ultimate determination. The Court also will not address any other points that the parties have raised.

## III.   CONCLUSION

For the above reasons, the Court denies the Commissioner's motion (Dkt. No. 19). The Court grants plaintiff's cross-motion (Dkt. No. 18) in part to vacate the Commissioner's final decision and to remand the matter for further proceedings consistent with this Decision and Order. The Court denies plaintiff's cross-motion to the extent that it seeks any other relief.

The Clerk of the Court is directed to close the case.

SO ORDERED.

__/s Hugh B. Scott_____
Hon. Hugh B. Scott
United States Magistrate Judge

DATED: December 27, 2018